UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Irby Gene Dewitt, #12699-171, | ) C/A No. 9:13-2064-TLW-BM |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) |
| | ) Report and Recommendation |
| Warden Cruz, | ) |
| | ) |
| Respondent. | ) |
| | ) |

The Petitioner is currently a federal inmate at FCI-Coleman, which is located in the state of Florida.[1] Petitioner seeks relief in this Court pursuant to 28 U.S.C. § 2241.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), other habeas corpus statutes, and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951 (4th Cir. 1995)(*en banc*); Todd v. Baskerville,

---

[1] At the time of the filing of the Petition, Petitioner was incarcerated at FCI-Williamsburg, a federal correctional institution in the State of South Carolina. Consequently, his subsequent transfer to the state of Florida does not defeat this Court's jurisdiction to hear Petitioner's claims. Rumsfeld v. Padilla, 542 U.S. 426, 124 S.Ct. 2711, 159 L.Ed.2d 513 (2004); *see also* Owens v. Roy, 394 Fed. Appx. 61 (5th Cir. 2010); Stanko v. Obama, 393 Fed. Appx. 849, 850, n. 1 and 2 (3rd Cir. 2010); *cf.* United States v. Hinton, 347 Fed. Appx. 885 (4th Cir. 2009); United States v. Edwards, 27 F.3d 564 (table), 1994 WL 285462, at * 2-3 (4th Cir. 1994).



712 F.2d 70 (4th Cir. 1983); and Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979)(recognizing the district court's authority to conduct an initial screening of a *pro se* filing).[2] *Pro se* complaints and petitions are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint or petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See* Hughes v. Rowe, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); Cruz v. Beto, 405 U.S. 319 (1972); Fine v. City of New York, 529 F.2d 70, 74 (2nd Cir. 1975). However, even when considered under this less stringent standard, the Petition submitted in the above-captioned case is subject to summary dismissal.  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Department of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

Petitioner was originally sentenced to three hundred and twelve (312) months and two hundred forty (240) months concurrent incarceration, and a total of five (5) years of supervised release, upon pleading guilty to robbery and firearms charges. *See* Criminal Action No. 4:04-795-TLW-4 (D.S.C.)(ECF No. 107, 127).[3]  While Petitioner did not file a direct appeal, he did file a number of post-judgement motions.  As applicable here, the record shows that he filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, which was dismissed with

---

[2]

Boyce has been held by some authorities to have been abrogated in part, on other grounds, by Neitzke v. Williams, 490 U.S. 319 (1989)(insofar as Neitzke establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)( 6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) as "frivolous").

[3]

A Court may take judicial notice of its own books and records. Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").



prejudice on May 5, 2010. *See* <u>Dewitt v. U.S.</u>, Civil Action No. 4:09-70083, Criminal No. 4:04-795, 2010 WL 1838960 (D.S.C. May 5, 2010). Petitioner appealed the dismissal of his § 2255 motion to the United States Court of Appeals for the Fourth Circuit, which denied him a certificate of appealability and dismissed the appeal on October 27, 2010. *See* <u>U.S. v. Dewitt</u>, No. 10-6751, 2010 WL 4269471 (4th Cir. Oct. 27, 2010).

Petitioner now seeks to vacate his firearm conviction pursuant to 28 U.S.C. § 2241, alleging he is actually innocent of using, carrying, and possessing a firearm during a crime of violence pursuant to Section 924(c), based on the holding in <u>Allyne v. United States</u>, 133 S.Ct. 2151 (2013). In <u>Alleyne</u>, the United States Supreme Court held that any fact which increases a mandatory minimum sentence must be submitted to a jury and found beyond a reasonable doubt, overruling <u>Harris v. United States</u>, 536 U.S. 545. However, <u>Alleyne</u> was decided in 2013, approximately seven (7) years after Petitioner was convicted and sentenced in 2006. While the Fourth Circuit has not ruled on whether <u>Alleyne</u> should apply to cases on collateral review, <u>Alleyne</u> is an extension of <u>Apprendi v. New Jersey</u>, 530 U.S. 466, 490 (2000), and our Circuit has ruled that <u>Apprendi</u> is not retroactive on collateral review. <u>United States v. Sanders</u>, 247 F.3d 139, 151 (4th Cir. 2001). Further, while the Supreme Court has not expressly ruled on whether <u>Apprendi</u> itself is retroactive, it has held that <u>Apprendi</u>-derived rules are not. <u>Shiro v. Summerlin</u>, 542 U.S. 348 (2004), (holding that <u>Ring v. Arizona</u>, 536 U.S. 584 (2002), which extended the <u>Apprendi</u> rule to aggravating factors in death penalty cases, is not retroactive on collateral review). Only the Seventh Circuit has ruled on the retroactivity issue, holding that, as an extension of <u>Apprendi</u>, <u>Alleyne</u> is not retroactive on collateral review. <u>United States v. Simpson</u>, No. 13-2373 (7th Cir. 2013); <u>cf</u>. <u>U. S. v. Stewart</u>, _____ Fed. Appx. _____, 2013 WL 5397401 at * n (4th Cir. Sept. 27, 2013["We note that <u>Alleyne</u> has not been made



retroactively applicable to cases on collateral review"]. Some District Court decisions also support this view. <u>Sanders v. Wilson</u>,  No. 1:13cv892 (AJT/TRJ), 2013 WL 3991469 (E.D. Va. 2013); <u>Guzman v. Mora</u>, No. 8:13cv2200 (HMH/JDA), 2013 WL 6050353 (D.S.C. Nov. 14, 2013); <u>Maynard v. Wilson</u>, No. 1:13cv1146 (JCC/JFA), 2013 WL 6195567 (E.D. Va. 2013); and <u>Hairston v. Wilson</u>, No. 1:13CV896 TSE/JFA, 2013 WL 5603026 (E.D. Va. 2013).

   A motion pursuant to 28 U.S.C. § 2255 provides the primary means of collateral attack on the imposition of a federal conviction and sentence; <u>Rice v. Rivera</u>, 617 F.3d 802, 807 (4th Cir. 2010)("[I]t is well established that defendants convicted in federal court are obliged to seek habeas relief from their conviction and sentences through § 2255."); and a federal inmate may not proceed under 28 U.S.C. § 2241 unless he demonstrates that the remedy afforded by § 2255 "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).  Additionally, the Fourth Circuit has emphasized that "the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision or because an individual is procedurally barred from filing a § 2255 motion." <u>Id</u>. (internal citations omitted). Thus, a federal inmate may proceed under § 2241 to challenge his conviction or sentence "in only very limited circumstances." <u>United States v. Poole</u>, 531 F.3d 263, 269 (4th Cir.2008).

   The Fourth Circuit has announced a three-part test to determine whether a petition challenging the lawfulness of a conviction or sentence can be brought under § 2241:

> Section 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the **substantive law** changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.



In re Jones, 226 F.3d 328, 333–34 (4th Cir.2000)(emphasis added). This test was formulated expressly to provide a remedy for the "fundamental defect presented by a situation in which an individual is incarcerated for conduct that is not criminal but, through no fault of his own, he has no source of redress." Id. at 333 n. 3.

   In this case, Petitioner cannot satisfy the Jones criteria because he relies on a new procedural rule rather than a change in the substantive law. As a result, his resort to § 2241 is foreclosed. "New substantive rules generally apply retroactively. [Such rules] include[ ] decisions that narrow the scope of a criminal statute by interpreting its terms, as well as constitutional determinations that place particular conduct or persons covered by the statute beyond the State's power to punish." Schriro v. Summerlin, 542 U.S. 348, 351–52 (2004) (citations omitted). On the other hand, "[n]ew rules of procedure ... generally do not apply retroactively" to cases on collateral review. Id. at 352; see also, United States v. Morris, 429 F.3d 65, 69 (4th Cir .2005). That is so because new rules of procedure "do not produce a class of persons convicted of conduct the law does not make criminal, but merely raise the possibility that someone convicted with use of the invalidated procedure might have been acquitted otherwise." Id. In contrast to a substantive rule which alters "the range of conduct or the class of persons that the law punishes," id. at 353, a procedural rule "merely regulates 'the manner of determining the defendant's culpability.'" United States v. Powell, 691 F.3d 554, 558 (4th Cir.2012)(quoting Schriro, 542 U.S. at 353).

   Here, the requirement announced in Alleyne that any fact that increases the mandatory minimum sentence for an offense must be submitted to the jury prescribes the manner in which a sentence is to be computed, but it does not alter the range of conduct or the class of persons subject to criminal punishment. As such, it is a procedural rather than a substantive change in the law. *See*



*generally*, Powell, 691 F.3d at 559–60. This conclusion is borne out by myriad decisions from all of the circuit court of appeals which have concluded that United States v. Booker, 543 U.S. 220 (2005), the immediate predecessor to Alleyne in the progressive extension of the Apprendi doctrine, announced a procedural rule and hence does not apply retroactively to cases on collateral review. United States v. Morris, 429 F.3d 65, 66 (4th Cir.2005). Moreover, the Fourth Circuit has squarely stated in at least one decision that the § 2255 savings clause does not apply to petitioners who challenge only their sentences. Poole, 531 F .3d at 267 n. 7.

Accordingly, because petitioner's claim falls outside the § 2255 savings clause, he may not proceed under § 2241. Instead, the instant application must be construed as a successive motion for relief under § 2255. However, even if so construed, the Antiterrorism and Effective Death Penalty Act of 1996 restricted the jurisdiction of the district courts to hear second or successive applications for § 2255 federal habeas corpus relief by establishing a "gatekeeping mechanism." Felker v. Turpin, 518 U.S. 651, 657 (1996). Now, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). As such, the motion may not be brought unless certified as provided in 28 U.S.C. § 2244 by a panel of the Fourth Circuit Court of Appeals. Because no such certification has been sought or granted, this petition must be dismissed without prejudice to petitioner's ability to seek such certification from the United States Court of Appeals for the Fourth Circuit. Petitioner is advised that if such certification is granted, venue for his claim would lie in the sentencing court.

## **RECOMMENDATION**

Since the petitioner has not shown that the remedy afforded by § 2255 is inadequate

6



or ineffective to test the legality of his sentence thereby allowing him to file a § 2241 petition, it is recommended that the § 2241 petition in the above captioned case be dismissed without prejudice and without requiring the respondents to file a return. *See* <u>Allen v. Perini</u>, 424 F.2d 134, 141 (6th Cir. 1970)(federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return); and the Anti·Terrorism and Effective Death Penalty Act of 1996.

_____
Bristow Marchant
United States Magistrate Judge

December 17, 2013
Charleston, South Carolina

***<u>The Petitioner's attention is directed to the important NOTICE on the next page.</u>***

7



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

